IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE KING,

    Plaintiff,                    No. CIV S-10-3313 DAD P

    vs.

R. SORENSON,

    Defendant.                ORDER

_____/

        Plaintiff, an Arizona inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application is incomplete because plaintiff did not attach a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action. See 28 U.S.C. § 1915(a)(2). Plaintiff will be granted thirty days to submit a certified copy of his prison trust account statement for the relevant six-month period.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff contends that defendant Sorenson, a licensed vocation nurse at Deuel Vocational Institution"did not give me adequate time to swallow my medication" and subsequently issued him a rules violation report for attempting to hoard prescribed medication. (Compl., Doc. No. 1 at 3 & 12.) Defendant stopped plaintiff's medication on September 2, 2010, and plaintiff did not have pain medication until October 28, 2010 when he was seen by the doctor

1  and his medication was again prescribed.  Plaintiff seeks monetary damages in the amount of
2  $7,500.  Plaintiff submitted an inmate appeal (Log #10-13293) and argued that defendant
3  Sorenson "discontinued" his medication "that was prescribed by a medical doctor." (Doc. No. 1
4  at 8.) He requested that medication be prescribed immediately, that defendant Sorenson "be sent
5  back to school to retrain in delivering of meds[,]" and "a written report of all actions taken in
6  retifing [sic] this wrong doing." (Id.) The appeal was partially granted at the second level of
7  review with respect to plaintiff's request to have his medication resumed. (Id. at 29-30.)

8        The allegations in plaintiff's complaint are so vague and conclusory that the court
9  is unable to determine whether the current action is frivolous or fails to state a claim for relief.
10  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
11  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
12  the defendants and must allege facts that support the elements of the claim plainly and succinctly.
13  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege
14  with at least some degree of particularity overt acts which defendant engaged in that support his
15  claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
16  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
17  amended complaint.

18        If plaintiff chooses to file an amended complaint, plaintiff must allege facts
19  demonstrating how the conditions complained of resulted in a deprivation of his federal
20  constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The
21  amended complaint must allege in specific terms how the named defendant was involved in the
22  alleged deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless
23  there is some affirmative link or connection between a defendant's actions and the claimed
24  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations
26  of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673

F.2d 266, 268 (9th Cir. 1982).  In addition, plaintiff should clarify in any amended complaint he elects to file whether he was prescribed the medication that he contends was discontinued by defendant Sorenson and may attach a copy of his medical records reflecting that prescription to his amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Lastly, plaintiff must clarify whether he is attempting to pursue an Eighth Amendment claim that he was provided inadequate medical care by the defendant.  The following are the legal standards applicable to such a claim.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133

(9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then allege facts showing that prison staff responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Finally, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the service of this order, plaintiff shall file a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action;

2. Plaintiff's complaint, filed on December 10, 2010, is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" plaintiff must use the form complaint provided by the Clerk of the Court;

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action; and

5. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: December 17, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:mp/4
king3313.3c.14