IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE KING,

    Plaintiff,                    No. CIV S-10-3313 DAD P

    vs.

R. SORENSON,

    Defendant.                <u>ORDER</u>

/

        Plaintiff is a former inmate at Deuel Vocational Institution and is currently incarcerated at the Tallahatchie County Correctional Center in Tutwiler, Mississippi. He is proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983. By prior order, plaintiff's original complaint was dismissed with leave to amend. Now before the court is plaintiff's amended complaint and documents filed in support of his application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned Magistrate Judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1). Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). <u>See</u> Doc. No. 5.

**I. Application to Proceed In Forma Pauperis**

        Plaintiff has submitted an in forma pauperis application and trust account statements making the showing required by 28 U.S.C. § 1915(a). (Doc. No. 2; Doc. No. 10 at 6,

1

1  10 & 13-14.) Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

2  Plaintiff is required to pay the statutory filing fee of $350.00 in connection with
3  this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six
4  months and is currently without funds. Accordingly, the court will not assess an initial partial
5  filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of
6  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
7  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
8  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
9  full. See 28 U.S.C.
10 § 1915(b)(2).

**II. Plaintiff's Amended Complaint**

Plaintiff's amended complaint alleges, in its entirety, as follows:

> On September 2, 2010 LVN R. Sorenson stopped my pain medication that was prescribed by a medical doctor which violates my rights in accordance with the 14th Amendment. The wanton infliction of unnecessary pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment violated my rights. LVN Sorenson "deprived" me of my pain medication with deliberate indifference.

(Doc. No. 10 at 3.) It appears that the incident described above allegedly occurred while plaintiff was incarcerated at California's Deuel Vocational Institution. Plaintiff seeks monetary damages in the amount of $7,500. (Id.)

**III. Screening Requirement**

In the court's December 20, 2010 order, plaintiff was advised that the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Plaintiff was also advised that the court must dismiss a complaint or portion thereof if plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

U.S.C. § 1915A(b)(1) & (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

**IV.  Analysis**

In his amended complaint, plaintiff claims that his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution have been violated.

　　A.  Fourteenth Amendment Claim

Plaintiff contends that by allegedly stopping his pain medication, defendant Sorenson violated plaintiff's rights guaranteed under the Fourteenth Amendment.  However, the Due Process Clause does not provide plaintiff greater protection than the specific guarantees of the Eighth Amendment's Cruel and Unusual Punishment Clause.  "'If a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'"  County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quoting United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997)).  Therefore, plaintiff has failed to state a cognizable claim under the Fourteenth Amendment.

　　B.  Eighth Amendment Claim

In the court's December 20, 2010 order dismissing the original complaint with leave to amend, plaintiff was provided with the legal standards governing a claim of inadequate medical care in violation of the Eighth Amendment.  At that time plaintiff was advised that in order to state a cognizable claim that he was subjected to cruel and unusual punishment based upon the conditions of his confinement, he needed to set forth in his amended complaint factual

1  allegations showing that his medical need was serious and that defendant responded to that
2  serious medical need with deliberate indifference.  (Doc. No. 4 at 4-5.)  In addition, plaintiff was
3  advised to clarify in his amended complaint whether he was alleging that defendant Sorenson
4  ordered his prescription medications be discontinued.  (Id. at 4.)  If so, it was suggested by the
5  court that plaintiff attach supporting medical records to any amended complaint he elected to file.
6  (Id. at 4.)

7      Although plaintiff has now more clearly alleged that defendant Sorenson
8  discontinued his pain medications, plaintiff has failed to allege any additional facts in support of
9  that bare contention.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding
10 that a complaint must contain more than "a formulaic recitation of the elements of a cause of
11 action;" it must contain factual allegations sufficient "to raise a right to relief above the
12 speculative level.").  Here, plaintiff pursued an inmate grievance with respect to his claim that
13 defendant Nurse Sorenson discontinued his prescribed medication.  Plaintiff previously attached
14 to his original complaint in this action a copy of the responses received from prison officials to
15 his inmate grievances.  Those documents reflect that plaintiff was specifically informed by prison
16 officials in response to his second level appeal that only a physician can order discontinue
17 medication for a patient, that defendant Nurse Sorenson is not a doctor, and that as a result
18 defendant Nurse Sorenson "does not have the licensure to discontinue any prescription."  (Doc.
19 No. 1 at 29.)  Nonetheless, in his amended complaint plaintiff merely claims in conclusory
20 fashion, with no supporting factual allegations, that defendant Nurse Sorenson was responsible
21 for discontinuing his medication.  Although plaintiff has attached some medication records to his
22 amended complaint, those records do not reflect any involvement by defendant Nurse Sorenson
23 in determining what medication plaintiff would receive.  In any event, the records attached by
24 plaintiff to his amended complaint do not even concern the time period during which he alleges
25 /////
26 /////

that the medication at issue was discontinued, i.e. September 2, 2010 to October 28, 2010.[1] See Doc. No. 10 at 21-22 & 24-25.

Plaintiff has also failed to allege any facts in his amended complaint suggesting that defendant Nurse Sorenson acted with deliberate indifference to his serious medical needs. Rather, to his original complaint plaintiff attached a copy of a rules violation report issued by defendant Nurse Sorenson on September 1, 2010, charging plaintiff with hoarding his prescribed medication. See Rules Violation Report (Doc. No. 1 at 12). According to the documents attached to his original complaint, plaintiff was found guilty of that prison rules violation as charged but "in the interest of justice[,]" the violation was reduced to a counseling chrono. (Id. at 16.) Thus, rather than supporting plaintiff's allegation that defendant Nurse Sorenson somehow acted with deliberate indifference towards plaintiff's health, it appears that the temporary discontinuance of pain medications may well have been a doctor's response to the disciplinary finding of prison officials that plaintiff was hoarding that medication.[2]

In short, in his amended complaint plaintiff has merely alleged in very conclusory fashion that defendant Nurse Sorenson "deprived" him of "pain medication with deliberate indifference." (Doc. No. 10 at 3.) This bare allegation is nothing more than "a formulaic recitation of the elements of a cause of action;" and does not provide factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. Moreover, plaintiff has advanced this bare allegation in his amended complaint after specifically being

---

[1] In his amended complaint, plaintiff alleges that his medications were discontinued on September 2, 2010. (Doc. No. 10 at 3.) In his original complaint, however, plaintiff alleged that his medications were reinstated on October 28, 2010. (Doc. No. 1 at 5.)

[2] It may be that plaintiff wishes to challenge the finding of prison officials that he was guilty of the disciplinary charge for hoarding medication that was brought against him by defendant Nurse Sorenson. However, it is clear that plaintiff has not sought to bring a due process challenge to that finding of guilt in either his original or amended complaint. Moreover, plaintiff has named only Nurse Sorenson as a defendant in this action and it is apparent that she neither conducted the disciplinary proceedings nor made the finding that plaintiff was guilty of the charged violation.

5

1  advised by the court of the standards governing the Eighth Amendment claim he is apparently
2  attempting to allege.  See Doc. No. 4.  The court finds that plaintiff's amended complaint
3  alleging an Eighth Amendment claim against defendant Nurse Sorenson remains deficient.
4  Therefore, the court will dismiss plaintiff's amended complaint for failure to state a cognizable
5  claim.

6  The undersigned has carefully considered whether plaintiff may amend his
7  complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
8  amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
9  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
10 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
11 while leave to amend shall be freely given, the court does not have to allow futile amendments).
12 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
13 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
14 support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,
15 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.
16 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
17 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
18 cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.
19 1988)).

20 Here, in light of the deficiencies previously noted with regard to plaintiff's
21 original complaint and his inability to cure those deficiencies in his amended complaint, it
22 appears clear that granting plaintiff further leave to amend his complaint against defendant Nurse
23 Sorenson would be futile.
24 /////
25 /////
26 /////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 10, 2010 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Warden of the Tallahatchie County Correctional Facility filed concurrently herewith.

3. Plaintiff's February 22, 2011 amended complaint is dismissed, with prejudice, based upon plaintiff's failure to state a claim upon which relief may be granted.

DATED: January 4, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
king3313.fsc

7